1 **THORNTON DAVIDSON**, #166487
The ERISA Law Group
2055 San Joaquin Street
Fresno, California 93721-2717
Telephone:    (559) 256-9800
Facsimile:    (559) 256-9795
e-mail: thorntondavidson@aol.com

Attorney for Plaintiff, BRADLEY HOLUM

UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY HOLUM,<br><br>       Plaintiff,<br>v.<br><br>LONG TERM DISABILITY INSURANCE PLAN FOR THE TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO, EMPLOYEES OF AMERICAN AIRLINES<br><br>       Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Bradley Holum ("Plaintiff") alleges as follows:

**JURISDICTION**

1. Plaintiff's claim for relief arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1) and (3). Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over this action because this action arises under the laws of the United States of America. 29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this action.

**VENUE/INTRADISTRICT ASSIGNMENT**

2. Venue is proper in the Northern District of California in that Plaintiff is and was a resident of Brisbane, California, San Mateo County, California, when it denied Plaintiff's long-term

COMPLAINT FOR DECLARATORY RELIEF

1

disability benefits. Therefore, 29 U.S.C. section 1132(e)(2) provides for venue in this court in the San Francisco Division.

### PARTIES

3. Plaintiff is, and at all times relevant hereto was, a participant, as that term is defined by 29 U.S.C. section 1000(7), of the Long Term Disability Insurance Plan for the Transport Workers Union of America ("the Plan") and thereby entitled to receive benefits therefrom. Plaintiff was a beneficiary because he was an employee of American Airlines, which established the Plan.

4. Defendant the Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

### CLAIM FOR RELIEF

5. Connecticut General Life Insurance Company, a CIGNA company, insured the Plan and acted on behalf of the Plan in all matters alleged herein.

6. The Plan provides long term disability benefits after an elimination period of six months, which, for a person under the age of 60 at the time the disability occurred, as was Plaintiff herein, such benefits potentially could continue until age 65.

7. In order to be eligible for benefits under the Plan, an employee must meet the Plan's definition of total disability. The Plan defines total disability, as follows:

> "You will be considered Totally Disabled if, because of an Injury or Sickness, you are unable to perform all the essential duties of your occupation as determined by the American Airlines medical director. After Monthly Benefits have been payable for 24 months, you will be considered Totally Disabled only if, because of Injury or Sickness, you are unable to perform all the essential duties of any occupation for which you are or may reasonably become qualified based on your education, training or experience as determined by the Insurance Company."

8. Plaintiff was employed by American Airlines as a baggage loader.

9. Plaintiff became disabled in November 3, 2003.

10. Plaintiff applied for and was granted LTD benefits from the Plan on May 4, 2006.

11. By letter dated May 3, 2006, the Plan terminated Plaintiff's LTD benefits.

12. By letter dated October 27, 2006, Plaintiff appealed the denial of his LTD benefits.

COMPLAINT FOR DECLARATORY RELIEF

2

13. By letter dated December 21, 2006, the Plan denied Plaintiff's appeal. The Plan gave Plaintiff another chance to appeal the denial.

14. By letters dated March 2, 2007, Plaintiff filed a second appeal.

15. By letter dated July 9, 2007, the Plan denied Plaintiff's appeal for LTD benefits and notified him that he could file suit.

16. Plaintiff also applied for Social Security Disability benefits. By letter dated August 27, 2004, Plaintiff was awarded monthly Social Security Disability benefits of $436 per month.

17. At all times mentioned herein Plaintiff was, and continues to be totally disabled under the terms of the Plan.

18. This Court is required to review the termination of Plaintiff's LTD benefits with minimal deference to the Plan's determination because:

    A. Cigna is both the administrator and the funding source for the Plan, and therefore has a conflict of interest;

    B. Plan fiduciaries utilized medical experts to review Plaintiff's who had a financial conflict of interest, and therefore did not provide a neutral, independent review process; and

    C. Plan fiduciaries failed to comply with ERISA's procedural requirements regarding benefit claims procedures and full and fair review of benefit claim denials.

19. Defendant is judicially and collaterally estopped to deny that Plaintiff is totally disabled under the Plan because:

    A. Defendant required Plaintiff to apply for Social Security Disability benefits.

    B. Plaintiff did so, and was awarded such benefits.

    C. Pursuant to the terms of the Plan, all such benefits, except COLA's were paid or used to decrease Defendant's obligation to Plaintiff.

20. Plaintiff has exhausted all administrative remedies required to be exhausted under

the terms of the Plan.

21. The Plan's denial of Plaintiff's long-term disability benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the Plan.

22. An actual controversy has arisen and now exists between Plaintiff and the Plan with respect to whether Plaintiff is entitled to long-term disability benefits under the terms of the Plan.

23. Plaintiff contends, and the Plan disputes, that Plaintiff is entitled to benefits under the terms of the Plan for long-term disability because Plaintiff contends, and Defendant the Plan disputes, that Plaintiff is totally disabled.

24. Plaintiff desires a judicial determination of his rights and a declaration as to which party's contention is correct, together with a declaration that the Plan is obligated to pay long-term disability benefits, under the terms of the Plan, retroactive to the first day of his eligibility, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of the Plan.

25. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

26. As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which he is entitled under the terms of the Plan. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights under the terms of the Plan.

WHEREFORE, Plaintiff prays judgment as follows:

1. For declaratory judgment against Defendant the Plan, requiring the Plan to pay long-term disability benefits under the terms of the Plan to Plaintiff for the period to which he is entitled to such benefits, with prejudgment interest on all unpaid benefits, until Plaintiff attains the age of 65 years or until it is determined that Plaintiff is no longer eligible for benefits under the terms of the Plan.

COMPLAINT FOR DECLARATORY RELIEF

4

2. For attorney's fees pursuant to statute.

3. For costs of suit incurred.

4. For such other and further relief as the Court deems just and proper.

Dated: October 4, 2007

        /s/
THORNTON DAVIDSON
Attorney for Plaintiff,
BRADLEY HOLUM

COMPLAINT FOR DECLARATORY RELIEF