ADRIENNE C. PUBLICOVER (SBN 161432)
SEAN P. NALTY (SBN 121253)
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone:   (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Defendant
LONG TERM DISABILITY INSURANCE
PLAN FOR THE TRANSPORT WORKERS
UNION OF AMERICA, AFL-CIO,
EMPLOYEES OF AMERICAN AIRLINES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY HOLUM, | Case No.:   CV07-05180 MHP |
| Plaintiff, | **DEFENDANT'S ANSWER TO COMPLAINT** |
| v. | |
| LONG TERM DISABILITY INSURANCE PLAN FOR THE TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO, EMPLOYEES OF AMERICAN AIRLINES, | Honorable Marilyn H. Patel |
| Defendants. | Filing Date : October 9, 2007 |

Comes now, Defendant Long Term Disability Insurance Plan for the Transport Workers Union of America, AFL-CIO Employees of American Airlines ("Defendant" or "the Plan") and answers the Complaint for Declaratory Relief ("the Complaint") filed by Plaintiff Bradley Holum ("Plaintiff") in this matter.

1. Defendant admits the allegations in paragraph one of the Complaint.

2. Defendant admits that venue is proper in the San Francisco Branch of the United States District Court for the Northern District of California.

---

1
**DEFENDANT'S ANSWER TO COMPLAINT**
USDC NDCA Case #CV07-05180 MHP
315914.1

3. Defendant admits that Life Insurance Company of North America ("LINA") issued a Group Long Term Disability Insurance Policy ("the Policy") to the Transport Workers Union that provided disability insurance coverage to participants in the Plan. The Policy is governed by ERISA. Plaintiff was a participant in the Plan by virtue of his employment with American Airlines. Except as so admitted, Defendant denies the allegations in paragraph 3 of the Complaint.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits that LINA issued the Policy, and acted as the claim administrator in handling the claim for disability benefits submitted by Plaintiff under the Policy ("the Claim"). Except as so admitted, Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant states that the terms, conditions, limitations, and restrictions stated in the Policy speak of themselves and must be read in their entirety. Defendant further admits that the Policy has a six month elimination period. In addition, if the disability begins before the insured's 62 birthday, the total benefit period is either to the insured's 65th birthday, or the date the 42nd monthly benefit is payable, if later. Except as so admitted, Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant admits that the Policy defines disability as follows: " You are Disabled if, because of Injury or Sickness, you are unable to perform the material duties of your regular occupation, or solely due to Injury or Sickness, you are unable to earn more than 80% of your Indexed Covered Earnings." The definition of disability in the Policy goes on to state that: "After Disability Benefits have been payable for 24 months, you are Disabled if your Injury or Sickness makes you unable to perform the material duties of any occupation for which you may reasonably become qualified based on education, training or experience, or solely due to Injury or Sickness, you are unable to earn more than 60% of your Indexed Covered Earnings." All of the terms, conditions, limitations, and restrictions stated in the Policy speak of themselves. Except as so admitted, Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant admits that the file pertaining to Plaintiff's claim for benefits that is the subject of this matter ("the Claim File") contains documents that state that Plaintiff worked in Fleet Services as a Fleet Service Clerk. The Claim File contains a description of this occupation. Except as so admitted, Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant admits that documents in the Claim File state that Plaintiff's last day of work at American Airlines was November 3, 2003. Defendant further admits that Plaintiff received disability benefits under the Policy for 24 months. Except as so admitted, Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff applied for disability benefits under the Policy and was paid benefits for 24 months. Defendant further admits that LINA concluded that Plaintiff was not entitled to disability benefits beyond May 4, 2006 and so informed Plaintiff in a letter dated February 1, 2006. Except as so admitted, Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant admits that LINA concluded that Plaintiff was not entitled to disability benefits beyond May 4, 2006 and so informed Plaintiff in a letter dated February 1, 2006. Except as so admitted, Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant admits that one of the letters through which Plaintiff appealed the denial of the Claim is dated October 27, 2006. Except as so admitted, Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant admits that LINA, in a letter dated December 21, 2006, informed Plaintiff's counsel that it affirmed the previous decision to deny Plaintiff's claim for additional benefits under the Policy and also stated that Plaintiff could appeal this decision. Except as so admitted, Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant admits that, in a letter dated March 2, 2007, Plaintiff submitted another appeal of the denial of the Claim. Except as so admitted, Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant admits that, in a letter dated July 31, 2007 to Plaintiff's counsel, LINA advised counsel that it was affirming the previous denials of Plaintiff's claim for benefits and that Plaintiff had the right to bring a legal action under the ERISA section 502(a). Except as so admitted, Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant admits that the Claim File contains a Notice of Award from the Social Security Administration Retirement, Survivors, and Disability Insurance, dated August 27, 2004 which states, in part, that Plaintiff was awarded a benefit of $436.00 per month.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff has exhausted his administrative remedies.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant admits that an actual controversy exists by virtue of Plaintiff's contention that he is entitled to additional disability benefits under the Policy. Except as so admitted, Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant admits that the allegations in paragraph 23 of the Complaint accurately state the dispute that is the subject of this matter. Otherwise, Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant admits that Plaintiff seeks a judicial declaration. Except as so admitted, Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant admits that a judicial determination of the issues raised in the Complaint is necessary and appropriate. Except as so admitted, Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in the prayer of the Complaint.

## AFFIRMATIVE DEFENSES

1.   As a first affirmative defense, Defendant alleges that Plaintiff has failed to state a claim for relief against Defendant.

2.   As a second affirmative defense, Defendant alleges that Plaintiff, under the terms of the Policy and under ERISA, is required to provide proof of disability. The administrative record in this matter, evaluated in its entirety, establishes that Plaintiff has not met this requirement.

3.   As a third affirmative defense, Defendant denies that Plaintiff is entitled to benefits under the Policy. However, in the event that Plaintiff is found to be entitled to benefits under the Policy, Defendant alleges that the amount owed to Plaintiff must be reduced by the amount in benefits/income received by Plaintiff from those sources of income and or benefits specified in the Policy. This includes, but not limited to, benefits received from Social Security, California State Disability, Worker's Compensation, and or any other benefit specified in the Policy.

4.   As a fourth affirmative defense, Defendant alleges that LINA, as the claim administrator, has the discretion to interpret and apply the terms of the Policy. Accordingly, the abuse of discretion standard applies in this action.

5.   As a sixth affirmative defense, Defendant alleges that in the event that Plaintiff is entitled to benefits, he is only entitled to back benefits under the specific definition of disability stated in the Policy that applies once benefits have been paid for 24 months. Any decision concerning his entitlement to benefits in the future must be made by the claims administrator, not the Court.

Date: December 18, 2007

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
ADRIENNE C. PUBLICOVER
SEAN P. NALTY
Attorneys for Defendant
LONG TERM DISABILITY INSURANCE
PLAN FOR THE TRANSPORT WORKERS
UNION OF AMERICA, AFL-CIO,
EMPLOYEES OF AMERICAN AIRLINES