**THORNTON DAVIDSON**, 166487
The ERISA Law Group
2055 San Joaquin Street
Fresno, California 93721-2717
Telephone:    (559) 256-9800
Facsimile:    (559) 256-9795
e-mail:thorntondavidson@aol.com


Attorney for Plaintiff, BRADLEY HOLUM


**ADRIENNE PUBLICOVER, 161432**
**SEAN P. NALTY, 121253**
WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone:    (415) 433-0880
Facsimile:    (415) 434-1370

Attorneys for Defendant,
LONG TERM DISABILITY INSURANCE
PLAN FOR THE TRANSPORT WORKERS
UNION OF AMERICA, AFL-CIO,
EMPLOYEES OF AMERICAN AIRLINES




UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| BRADLEY HOLUM,　　　　　　　　） | Case No.: CV-07-05180 MHP |
| 　　　　　　　　　　　　　　） | |
| 　　　　Plaintiff,　　　　） | **JOINT CASE MANAGEMENT** |
| v.　　　　　　　　　　　　） | **STATEMENT AND [PROPOSED] ORDER** |
| 　　　　　　　　　　　　　　） | |
| LONG TERM DISABILITY INSURANCE　） | **Date:   January 28, 2008** |
| PLAN FOR THE TRANSPORT WORKERS　） | **Time:  4:00 p.m.** |
| UNION OF AMERICA, AFL-CIO,　　） | **Judge: Honorable Marilyn H. Patel** |
| EMPLOYEES OF AMERICAN AIRLINES,　） | **Place: Courtroom 15, 18th Floor** |
| 　　　　　　　　　　　　　　） | |
| 　　　　Defendant.　　　　） | |
| ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿） | |

　　　　Pursuant to Federal Rules of Court Procedure 16(b) and the Court's "Case Management

Conference Order" the parties to the above entitled action jointly submit this case management

statement:

///

1.    <u>Jurisdiction and Service</u>:

The parties agree that this Court has subject matter jurisdiction over Plaintiff's claim pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a).  Jurisdiction is proper pursuant to 29 U.S.C. section 1331 because this action arises under the laws of the United States of America.  29 U.S.C. section 1132(e)(1) provides for Federal District Court jurisdiction.

All parties are subject to this Court's jurisdiction.

All parties have been served.

2.    <u>Facts</u>

Plaintiff  was a participant, as that term is defined by 29 U.S.C. section 1000(7), of the Long Term Disability Insurance Plan for the Transport Workers Union of America ("the Plan").  Plaintiff was a beneficiary because he was an employee of American Airlines, which established the Plan. Plaintiff became disabled in November 3, 2003.  Plaintiff applied for and was granted LTD benefits from the Plan on May 4, 2006.  By letter dated May 3, 2006, the Plan terminated Plaintiff's LTD benefits.  By letter dated October 27, 2006, Plaintiff appealed the denial of his LTD benefits.  By letter dated December 21, 2006, the Plan denied Plaintiff's appeal.  The Plan gave Plaintiff another chance to appeal the denial.  By letters dated March 2, 2007, Plaintiff filed a second appeal.  By letter dated July 9, 2007, the Plan denied Plaintiff's appeal for LTD  benefits and notified him that he could file suit.  This lawsuit followed.

3.    <u>Legal Issues</u>

A.    Whether evidence outside the administrative record is admissible regarding standard of review and/or the merits.

B.    Whether Plaintiff was totally disabled under the terms of The Plan.

C.    Whether Plaintiff is entitled to LTD benefits, and, if so, what amount of back benefits are owed.

D.    Whether The Plan is estopped to deny that Plaintiff is entitled to benefits by virtue of Plaintiff's receipt of Social Security Disability benefits and The Plan's consequent reduction of benefits paid to Plaintiff.

4.     <u>Motions</u>:

There are currently no motions pending.

Plaintiff does not anticipate filing any motions, unless there is a dispute over discovery.

*Defendant:* The parties have stipulated to mediation.  After the mediation is completed, Defendant will move for summary judgment based on the argument that the claim administrator, Life Insurance Company of North America, did not abuse its discretion in denying Plaintiff's claim for benefits.

5.     <u>Amendment of Pleadings</u>

_____Parties do not anticipate submit amended pleadings.

6.     <u>Evidence Preservation</u>

Defendant will produce the administrative record to Plaintiff.

7.     <u>Disclosures</u>

_____Both parties have made their initial disclosures.

8.     <u>Discovery</u>

_____No discovery has taken place to date.

Plaintiff contends that the Administrative Record should include Cigna's claims manuals.

Plaintiff intends to conduct discovery regarding the nature, extent, and effect on the decision making process of Cigna's conflict of interest because such information is relevant in assessing whether it abused its discretion.  Plaintiff intends to serve: request for production of documents, interrogatories, and notice a Rule 30(b)(6) of Cigna.

Plaintiff believes a Rule 26(f) discovery order and conference is necessary.

*Defendant:* Defendant contends that discovery, if appropriate at all, must be very limited  and that Plaintiff's anticipated discovery far exceeds the limited discovery authorized under ERISA when the standard of review is abuse of discretion.  Defendant believes that a Rule 26(f) discovery conference will be useful to work through these issues if the matter does not settle at mediation.

9.     <u>Class Actions</u>:

This is not a class action lawsuit.

///

10.  Related Cases:

There are no other related cases.

11.  Relief:

This is a complaint for declaratory relief.  Plaintiff requests that back benefits be paid with 10% interest and reinstatement of benefits.

Plaintiff is entitled to $1,237 per month after his benefit is reduced by Social Security Disability Insurance.

Plaintiff's disability was terminated on May 3, 2006.

Therefore, he is entitled to 20 months of back benefits at $1,237 per month at 10% interest of $10.31 per month: 1,237 x 20 + 206 = $24,946.

12.  Settlement and ADR:

_____The parties have agreed to private mediation with Retired Judge Edward Infante.

13.  Consent to Magistrate Judge for All Purposes:

_____Plaintiff consents to the use of a Magistrate Judge for all purposes.

*Defendant*:  Defendant does not consent to Magistrate Judge.

14.  Other References:

_____This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  Narrowing of Issues:

_____Not applicable.

16.  Expedited Schedule:

Not applicable.

17.  Scheduling:

Discovery cut-off:

Hearing of dispositive motions:

Pre-trial Conference:  The parties request that it be waived as unnecessary.  Instead, the parties request that the Court adopt a pre-trial briefing schedule:

A.    Each party files and serves its opening trial brief on or before  ___, 2008.

1    B.    Each party files and serves its reply brief on or before ___, 2008.

2    Trial to be set for _____, 2008.

3  18.  Trial:

4  _____This case is a bench trial and is expected to last one day.

5    Defendant agrees that the bench trial in this matter will take no longer than one day.

6  However, Defendant also believes that this matter can be decided by cross-motions for summary

7  judgment if the standard of review is abuse of discretion and motions for judgment if the standard of

8  review is de novo.

9  19.  Disclosure of Non-party Interested Entities or Persons:

10    Plaintiff has made its Certification of Non-Party Interested Entities or Persons, as

11    A.    Plaintiff;

12    B.    Defendant; and

13    C.    Defendant's Insurer, Cigna.

14    *Defendant:* Defendant Long Term Disability Insurance Plan for the Transport Workers Union

15  of America, AFL-CIO Employees of American Airlines ("the Plan") certifies that the entities

16  described below have a direct, pecuniary interest in the outcome of this matter: Life Insurance

17  Company of North America, the insurer who provided group disability insurance to the Plan.

18  Connecticut General Corporation is a parent company of Life Insurance Company of North America.

19  Connecticut General Corporation is a wholly owned subsidiary of CIGNA Holding Inc. CIGNA

20  Holding Inc. is a wholly owned subsidiary of CIGNA Corporation.

21  20.  Other Matters:

22  _____There are no other matters.

23

24  Dated: January 18, 2008_____

25  _____    */s/ Thornton Davidson*
                                                        THORNTON DAVIDSON
26                                                      Attorney for Plaintiff,
                                                        BRADLEY HOLUM
27

28

1

2    Dated: January 18, 2008                        /s/ Sean P. Nalty
                                                   SEAN P. NALTY
3                                                  Attorney for Defendant,
                                                   LONG TERM DISABILITY
4                                                  INSURANCE PLAN FOR THE
                                                   TRANSPORT WORKERS UNION OF
5                                                  AMERICA, AFL-CIO, EMPLOYEES
                                                   OF AMERICAN AIRLINES
6
                              **[PROPOSED] ORDER**
7
         **IT IS SO ORDERED.**
8

9    Dated: _____        _____
                                                   MARILYN H. PATEL
10                                                 United States District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO.:   C 07-01708 PJH